**David Eric ALLEN, Appellant**

v.

**COMMONWEALTH OF PENNSYLVANIA COMMON PLEAS; A.D.A. Mr. Genovese; Public Defender Association, Norristown B.; Mr. Michael John, Esq.; Mr. Richard Winter, Esq.; Chief Office of Clerk Court; Court Montgomery County.**

No. 12–3680.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Jan. 17, 2013.

Opinion Filed Jan. 30, 2013.

David Eric Allen, Dallas, PA, pro se.

Before: AMBRO, SMITH and CHAGARES, Circuit Judges.

OPINION

PER CURIAM.

David Eric Allen is a Pennsylvania prisoner. In May and June 2012, he filed complaints pursuant to 42 U.S.C. § 1983 challenging a number of events that allegedly occurred during the course of criminal proceedings in the Montgomery County Court of Common Pleas nearly two decades ago. Specifically, Allen alleged that: (1) Richard Winter, an attorney who represented Allen in the criminal proceedings, waived his right to a preliminary hearing without obtaining Allen's consent; (2) the Commonwealth of Pennsylvania, the Montgomery County Court of Common Pleas, and the Montgomery County Assistant District Attorney deprived him of due process of law by permitting Attorney Winter to waive the preliminary hearing, and by later accepting his plea; (3) his plea is invalid because the Court of Common Pleas failed to adequately explain its terms; (4) Michael John, the public defender who represented him during the plea colloquy, provided ineffective assistance, and deprived him of due process, by withdrawing his representation instead of appealing the conviction; and (5) the Com-

---

monwealth, the Common Pleas Court, and the Clerk of that court deprived him of due process by improperly docketing a pro se post-sentence motion, thus causing him to lose his appeal rights. Based on these allegations, Allen sought to withdraw his plea, requested damages, and asked the District Court to vacate his conviction and sentence.

The District Court dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. The District Court concluded that: (1) to the extent that Allen sought to withdraw his plea and vacate his sentence, such relief is available only in a habeas corpus action, *see Preiser v. Rodriguez,* 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); (2) Allen's claims for damages in connection with the waiver of his preliminary hearing and alleged invalidity of his guilty plea were foreclosed by *Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); (3) the Commonwealth and the Montgomery County Court of Common Pleas were entitled to Eleventh Amendment immunity, *see Will v. Michigan Dep't of State Police,* 491 U.S. 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *Benn v. First Judicial Dist. of Pa.,* 426 F.3d 233, 240–41 (3d Cir.2005); (4) Assistant District Attorney Genovese was entitled to prosecutorial immunity, *see Imbler v. Pachtman,* 424 U.S. 409, 430, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); (5) Allen's claims against his former attorneys and the Montgomery County Public Defender Association fail because those defendants are not state actors, *see Polk Cnty. v. Dodson,* 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); (6) to the extent that Allen intended to state legal malpractice claims against his former attorneys, they were time-barred under Pennsylvania law, *see Wachovia Bank N.A. v. Ferretti,* 935 A.2d 565, 571 (Pa.Super.Ct.2007); and (7) Allen's claims concerning the docketing of his postsentence motion were also time-barred, *see* 42 Pa. Const. Stat. Ann. § 5524.

Allen appeals pro se. Because we granted him leave to proceed in forma pauperis, we must screen this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous. An appeal is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Our review confirms that there is no arguable basis to challenge the District Court's decision for the reasons stated by the District Court. We also agree with the District Court that there was no need to provide Allen with leave to amend before dismissing his complaint because it is apparent that amendment would have been futile. *See Phillips v. County of Allegheny,* 515 F.3d 224, 236 (3d Cir.2008). Accordingly, we will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).